# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Ross Ericksmoen, Inc., d/b/a ) | |
| T & R Transport, ) | |
| ) | **ORDER GRANTING MOTION** |
| Plaintiff, ) | **TO STRIKE** |
| ) | |
| vs. ) | |
| ) | |
| Continental Resources, Inc., ) | Case No. 4:13-cv-107 |
| ) | |
| Defendant. ) | |

Before the court is a "Motion to Strike Claims and Prayer for Relief for Punitive Damages in Defendant's Counterclaim" filed by plaintiff on February 4, 2014. For the reasons set forth below, the motion is granted insofar as it requests that all references to punitive damages in defendant's counterclaim be stricken.

## I.  BACKGROUND

Plaintiff initiated the above-captioned declaratory judgment action in September 2013. On January 3, 2014, defendant filed an answer and counterclaim that contained causes of action for: (1) breach of the parties' Master Service Contract; (2) tortious breach of contract; (3) breach of fiduciary duty; and (4) fraud/deceit. Notably, it claimed an entitlement to punitive damages in its second, third, and fourth counterclaim. It also requested an award of punitive damages in its prayer for relief.

On February 4, 2014, plaintiff filed a motion to strike paragraphs in defendant's counterclaim that asserted an entitlement to punitive damages along with defendant's request for punitive damages in its prayer for relief. Defendant filed a response on February 18, 2014, agreeing only to strike it requested *remedy* of punitive damages but objecting to plaintiff's motion insofar as it sought to

1

strike causes of action from its counterclaim. Plaintiff filed its reply to defendant's response on February 24, 2014, reiterating its position that defendant's assertions regarding its purported entitlement to punitive damages must be struck in their entirety.

## II. DISCUSSION

Fed. R. Civ. P. 12(f) empowers the court to "strike from the pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although a claim for punitive damages does not fit neatly into either of these categories, it may nevertheless be subject to a motion to strike. See Johnson v. Metro. Sewer Dist., 927 F.Supp. 874, 875-76 (E.D. Mo. 1996) (striking a claim for punitive damages against defendants exempted from the imposition of such claims); Brown v. Potter, No. 1:04-CV-350, 2005 WL 2090904, at * 5 (W.D. Mich. Aug. 30, 2005) ("The court may utilize [Fed. R. Civ. P. 12(f)] to strike a claim for damages that is improperly contained in the plaintiff's complaint."); see also Benigno v. Flatley, No. 01-CV-2158, 2002 WL 123360, at * (E.D Pa. Jan. 29, 2002) (granting in part a motion to strike a claim for punitive damages); but see Mitchell v. Consol. Freightways Corp. of Del., 757 F. Supp. 1446, 1447 n. 1 (M.D. Fla 1990) ("[T]his Court held improper use of a motion to strike to attack a punitive damages claim. The correct device is a motion to dismiss, a procedural difference that is significant precisely because it determines the scope of review of a Magistrate's order."); Prof'l Asset Mgmt, Inc. v. Penn Square Bank, N.A., 566 F. Supp. 134, 136 (D. Okla. 1983) ("By its own terms, Rule 12(f) only allows the court to strike insufficient defenses or any redundant, immaterial, or scandalous matter. The plaintiff's claim for punitive damages fits into neither category." (internal citations and quotations omitted)).

North Dakota law prohibits a complaint from seeking punitive damages upon commencement

of an action.  See N.D.C.C. § 32-03.2-11.  It further provides that a punitive damages claim may only be asserted upon leave of court to allow such an amendment, on a showing by plaintiff "that there is sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence proves oppression, fraud, or actual malice."  N.D.C.C. § 32-03.2-11(1).  In cases where its jurisdiction is based upon diversity of citizenship, this court has consistently held that procedural requirements constitute a substantive right.  Scheuller v. Remington Arms Co., LLC, No. 2:11-CV-108, 2012 WL 2370109, at * 2 (D.N.D. June 6, 2012); McHugh v. Jacobs, 450 F. Supp.2d 1013, 1021 (D.N.D. 2003); Lowell v. Zurich Ins. Co., Civ. No. A3-91-72, 1992 WL 212233, at *3 (D.N.D. Aug. 20, 1992) (applying North Dakota's punitive damage statute in a case where jurisdiction was predicated upon diversity of citizenship).  "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."  Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).

Defendant does not concede that North Dakota law governs.  It nevertheless agrees to strike its request for damages from its prayer for relief.  In so doing, it reserves its right to move to amend it counterclaim to request punitive damages in accordance with the court's scheduling order.

The court **GRANTS** plaintiff's motion (Docket No. 20) and **ORDERS** that all references in defendant's counterclaim to punitive damages be stricken.  To claim punitive damages, defendant must file a motion for leave to amend its counterclaim.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

3