IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Ross Ericksmoen, Inc., d/b/a T & R Transport, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | **ORDER RE PENDING DISCOVERY MOTIONS** |
| vs. | |
| Continental Resources, Inc., | Case No. 4:13-cv-107 |
| Defendant. | |

Before the court are two pending discovery-related motions. One is a motion by defendant for a protective order with respect to a Rule 30(b)(6) deposition notice. The other is a motion by plaintiff to compel discovery. A telephonic hearing on the motions was held on June 19, 2015.

I. **DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Defendant seeks a protective order from a Fourth Amended Notice to Take Rule 30(b)(6) Deposition of Continental Resources, Inc. ("Fourth Amended Notice"). After careful review, the motion (Doc. No. 75) is **GRANTED IN PART AND DENIED IN PART**. The items designated in the Fourth Amended Notice for the production of a witness to testify on behalf of defendant that were in dispute and the court's rulings with respect to the individual items are as follows:

- Item 2: Defendant shall produce a witness to provide testimony about the audit that is referenced in exhibits listed in Item 2. Defendant need not, however, produce a witness to testify about Exhibit 3 (Doc. No. 31-9), which is a declaration of Jeff Hurd because the item does not specify with reasonable particularity what information is sought with respect to information provided by Jeff Hurd, who is or was plaintiff's

1

own employee.

- Item 4: The exhibit list in the item is from defendant's audit. Hence, the requirement to produce a witness to testify about this item is encompassed within Item 2 above.

- Item 5: Plaintiff withdrew this item.

- Item 6: This item is moot because it resolved by both parties waiving on the record the right to object to the admissibility of documents CLR0000001-00061956 at trial based on lack of foundation, with the parties reserving the right to object on any other basis.

- Item 8: Defendant will not have to provide a witness to testify about the matters referenced in Item 8 because of the failure to meet the "reasonable particularity" requirement of Fed. R. Civ. P. 30(b)(6). Also, the information that reasonably could be sought by plaintiff has already been provided in the response to the referenced requests for admissions, which set forth reasons for the denials.

- Item 9: Defendant shall produce someone to testify about the spreadsheet referenced in the item as to what it is, what it purports to show, and how it was prepared. Plaintiff's requests to inquire about why it was sent by defense counsel with no explanation will not be permitted because it is irrelevant.

- Item 10: This item is moot because it resolved by both parties waiving on the record the right to object to the admissibility of documents CLR00019159-00019164 at trial based on lack of foundation, with the parties reserving the right to object on any other basis.

- Item 13: Defendant shall produce a witness to testify about what was stated in the e-mail string referenced in the item.

- Item 15: Defendant shall produce a witness to testify generally about the procedures it uses to report the disposal of salt water to the North Dakota Industrial Commission.

- Item 16: Defendant shall not have to produce a witness to testify about this item because any information that may be solicited is equally available to plaintiff and is in the referenced records.

- Item 17: Defendant shall not have to produce a witness to testify about this item because of the failure to meet the "reasonable particularity" requirement of Rule 30(b)(6) in terms of providing sufficient guidance as to what plaintiff wants to inquire about. Potentially, the lines of inquiry are numerous and may require testimony from a number of different persons. Defendant should not be left to guess in terms of the subject matter of the inquiry and who may need to be produced.

- Item 18: Defendant acknowledged this item was sufficient so defendant shall produce a witness to testify about this item.

- Item 19: Defendant shall produce a witness to testify about this item.

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel the production of three described categories of documents set forth in Items (a) - (c) in the motion. Plaintiff's motion to compel (Doc. No. 72) is **GRANTED IN PART AND DENIED IN PART** as follows:

- Item (a): Defendant has agreed to produce the "drop tickets" from Continental's

wells that are the subject of this item in Oklahoma. Defendant states that the documents are intermixed with other documents containing "drop tickets" for hauls by companies other than plaintiff. Defendant shall be required to segregate the drop tickets for hauls by plaintiff from the other drop tickets, but may otherwise produce them in the manner in which they are kept for inspection and copying.

With respect to drop tickets from non-Continental wells, Continental's counsel represented that what Continental has in terms of these drop tickets are what third-party well operators have provided as attachments in support of their invoices, that these are stored electronically, and that production will be a time-consuming process. Continental will, nevertheless, be required to produce them unless the parties can stipulate to sufficient facts that make the tickets irrelevant. In the event defendant offers to stipulate to what it believes are sufficient facts and plaintiff does not agree, defendant can bring this matter back before the court. Unless the parties otherwise agree or the court grants an extension, the production of these drop tickets shall be made within 45 days of the date of this order, given the electronic nature of the records and the time required to locate them. Defendant may produce the documents in the electronic format in which the records are kept, so long as they are reasonably readable by plaintiff. If the extended time for production reasonably requires any depositions to be supplemented, that may be done by telephone.

- Item (b): Defendant shall provide copies of reports filed by Continental with the

NDIC for saltwater disposal for the time frame requested.

- Item (c): Defendant states that it has complied with this item, so there is nothing to compel.

### III.     REQUESTS FOR ATTORNEY'S FEES

All requests for attorney's fees are **DENIED** because neither party prevailed entirely with respect to either motion and, in any event, any attorney's fees would be offsetting. Further, the court is convinced that most of the disputes could have been avoided if the parties had cooperated.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court